# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONTREAL FISHER | CIVIL ACTION |
| VERSUS | NO. 19-686 |
| NATIONWIDE INSURANCE COMPANY, ET AL. | SECTION "L" (2) |

## ORDER AND REASONS

Before the Court is Plaintiff's unopposed Motion to Remand. R. Doc. 7. For the reasons that follow, the motion is GRANTED.

**I.     BACKGROUND**

Plaintiff Jontreal Fisher sued Willie and Katina George and their insurer, Nationwide Affinity Insurance Company of America ("Nationwide") in the 24th Judicial District Court for the Parish of Jefferson to recover damages from a December 2018 car accident. Nationwide timely removed the action to this Court on the basis of diversity of citizenship.

Plaintiff moves to remand. Although the parties are diverse, Plaintiff argues that 28 U.S.C. § 1332's amount in controversy requirement is not met. In the motion, Plaintiff states that the amount in controversy does not exceed $75,000, and neither he nor his lawyer will accept a judgment in excess of that amount, exclusive of interest and costs. The motion is unopposed.

**II.     LAW AND ANALYSIS**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court." 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading

shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, state practice "does not permit demand for a specific sum," removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446 (c)(2)(A)(ii)-(B).

Because plaintiffs in Louisiana state courts may not specify the numerical value of claimed damages, Nationwide must prove by a preponderance of the evidence that the amount in controversy is met. *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008). This can be done by (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Here, the amount in controversy is not facially apparent. The Petition includes no details about the extent or nature of Plaintiff's alleged injuries or medical expenses. "Where, as here, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not facially apparent that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Prod., Inc.*, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)). Furthermore, Nationwide has submitted no summary judgment type evidence to indicate that the amount in controversy is met. Considering the Petition, the lack of summary judgment type evidence supporting a finding that the amount in controversy is satisfied, and the lack of opposition to Plaintiff's motion to remand, the Court concludes that Nationwide has not met its burden of establishing that the amount in controversy exceeds $75,000.00.

### III.   CONCLUSION

**IT IS ORDERED** that Plaintiff's unopposed motion to remand, R. Doc. 7, is hereby **GRANTED**.

New Orleans, Louisiana, this 6th day of March, 2019.

                                                  **ELDON E. FALLON**
                                                  United States District Judge